WarnerMedia Direct, LLC v Paramount Global (2025 NY Slip Op 05330)

WarnerMedia Direct, LLC v Paramount Global

2025 NY Slip Op 05330

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 651001/23|Appeal No. 4820|Case No. 2025-00747|

[*1]WarnerMedia Direct, LLC, Plaintiff-Respondent,
v
Paramount Global et al., Defendants-Appellants, South Park Digital Studios LLC, Defendant.

Kendall Brill & Kelly LLP, Los Angeles, CA (Nary Kim of the bar of the State of California, admitted pro hac vice, of counsel), for appellants.
Walden Macht Haran & Williams LLP, New York (Georgia K. Winston of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 22, 2025, which denied the motion of defendants Paramount Global and MTV Entertainment Studio's motion for partial summary judgment dismissing the cause of action for unjust enrichment (fifth cause of action), unanimously reversed, on the law, with costs, the motion granted, and the cause of action for unjust enrichment dismissed.
This action arises out of a contract (the Term Sheet) containing a five-year exclusive license to the streaming rights for certain content related to the animated comedy series South Park. In the Term Sheet, defendant South Park Digital Studios LLC (SPDS) is denominated the "Licensor" and plaintiff WarnerMedia Direct, LLC (the domestic operator of the streaming platform HBO Max) is denominated the "Licensee." Defendant Paramount Global owns and operates the streaming platform Paramount+ and defendant MTV Entertainment Studios is a division of Paramount Global. Neither Paramount Global nor MTV Entertainment Studios (collectively Paramount) is a party to the Term Sheet.
Plaintiff alleges that SPDS breached the Term Sheet by "diverting" new South Park content that should have been included within the contractual exclusive license and instead licensing it to Paramount to stream on Paramount+ (first cause of action). Plaintiff does not assert a claim for breach of contract directly against Paramount, which is not a party to the Term Sheet. Instead, plaintiff alleges that Paramount tortiously interfered with its contract with SPDS by inducing SPDS to license the disputed content to Paramount instead of it (fourth cause of action) and that Paramount was unjustly enriched as a result of its misconduct (fifth cause of action).
Unjust enrichment "is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; see Trainum v Rockwell Collins, Inc., 2017 WL 2377988, *20, 2017 US Dist LEXIS 83260, *63-64, [SD NY 2017]). This includes claims for tortious interference with contract (see RBG Mgt. Corp. v Village Super Mkt., Inc., 692 F Supp 3d 135, 155 [SD NY 2023]). Here, the misconduct alleged by plaintiff to support the unjust enrichment claim (Paramount's usurpation of content licensed by the Term Sheet) is the same as that underlying the claim for tortious interference with contract. Accordingly, the unjust enrichment claim should be dismissed as duplicative of the tortious interference claim (see Corsello, 18 NY3d at 790).
In view of the foregoing, we need not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025